UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANET M. RIDINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-2134 |
| ) | |
| RIVERSIDE MEDICAL CENTER, JEFF ) | |
| POLLOCK & KYLE HANSEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION**

This matter is before the court on Defendant's Motion to Strike Plaintiff's Expert Designations, or, In the Alternative, Motion in Limine to Limit Their Testimony (#12). On June 3, 2005, Plaintiff Janet Ridings filed a Complaint (#1) against Defendants Riverside Medical Center, Jeff Pollock, and Kyle Hansen alleging violations of the Family and Medical Leave Act and the Fair Labor Standards Act, a state law claim for intentional infliction of emotional distress, and two claims for retaliatory discharge. As part of her complaint, Ridings alleges she developed Graves disease during her employment at Riverside Medical Center.

In their Motion to Strike, Defendants allege Ridings served a document entitled "Plaintiff's Expert Disclosures" on February 21, 2006. In this document, Ridings disclosed Dr. Maureen Morgan-O'Connor, Dr. Richard Prinz, and Dr. Keith Moss as her experts. Ridings indicated Dr. Morgan-O'Connor will testify "that stress can cause Graves disease and did in fact cause plaintiff

to have Graves disease." Ridings further indicated Dr. Morgan-O'Connor would testify as to the severity of Ridings' Graves disease. Ridings stated Dr. Prinz would testify that "stress can cause the manifestation of, and/or can aggravate Graves disease and that stress was a cause of plaintiff's Graves disease at it manifested itself in late 2003 and early 2004." Finally, Dr. Moss is to testify that Ridings' "medical condition did not prevent her from performing the essential functions of her job at Riverside from January to June 2004." Ridings further stated that these physicians "are or were plaintiff's treating physicians and have not been retained by plaintiff specifically to provide expert testimony in this case."

Defendants argue that this court should strike Ridings' expert designations of these witnesses because Ridings has failed to provide expert reports for these physicians pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). This rule applies only to witnesses who are "retained or specially employed to provide expert testimony in the case," requires a "written report prepared and signed by the witness," and sets forth various requirements concerning what the report should contain. Fed. R. Civ. P. 26(a)(2)(B). The Advisory Committee's notes to the rule indicate that a "treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. (a)(2) advisory committee's note.

The Seventh Circuit in Musser v. Gentiva Health Servs., 356 F.3d 751, 758 n. 3 (7th Cir. 2004), stated that it did not need to reach the issue "of whether an individual who serves in the capacity of 'treating physician' (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B)." The court stated, however, that it "is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report." Musser, 356 F.3d at 758 n.3. This district has held that a treating physician may offer opinion

testimony on causation, diagnosis, and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report. McCloughan v. City of Springfield, 208 F.R.D. 236, 242 (C.D. Ill. 2002). In McCloughan, United States District Judge Richard A. Mills agreed with other districts which held that treating physicians are not subject to the strict disclosure requirements of Rule 26(a)(2)(B), noting that "a physician does not need to submit an expert report if planned testimony was acquired, 'not in preparation for trial, but rather because he was an actor or viewer with respect to transactions or occurrences that are a part of the subject matter of the lawsuit.'" McCloughan, 208 F.R.D. at 240-41, quoting Bucher v. Gainey Transp. Serv. of Ind., Inc., 167 F.R.D. 387, 390 (M.D. Pa. 1996). Other district courts have also held that, because treating physicians are not retained or specially employed for trial, they need not submit a report under Rule 26(a)(2)(B). See Osuji v. City of Chicago, 2005 WL 1799277, at *6 (N.D. Ill. 2005); Martin v. CSX Transp., Inc., 215 F.R.D. 554, 557 (S.D. Ind. 2003).

     This court agrees with the reasoning of these cases and therefore concludes that Ridings fully complied with Rule 26 when she disclosed Dr. Maureen Morgan-O'Connor, Dr. Richard Prinz, and Dr. Keith Moss as her experts. Ridings indicates Dr. Moss diagnosed her with Graves disease in December 2002. Dr. Moss referred Ridings to Dr. Morgan-O'Connor who began treating Ridings in January 2003. According to Ridings, both doctors have continued to treat and monitor her condition since that time. Dr. Prinz performed surgery on Ridings in January 2003 to remove her thyroid gland. According to Ridings, the testimony of these physicians will relate solely to their observations and information gleaned from Ridings during the course of her treatment. Therefore, Ridings did not need to submit a report setting out their opinions, and there is no basis to strike their testimony at this time. Defendants may renew their objections at trial should Plaintiff's questioning

go beyond the scope of the physicians' treatment of Ridings.

IT IS THEREFORE ORDERED:

Defendants' Motion to Strike Plaintiff's Expert Designations, or, In the Alternative, Motion in Limine to Limit Their Testimony (#12) is DENIED.

ENTERED this 25th day of April, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE