E-FILED

Monday, 26 March, 2007  12:55:10 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **JANET M. RIDINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-2134** |
| | ) | |
| **RIVERSIDE MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## OPINION

On December 21, 2006, Defendant Riverside Medical Center filed a Bill of Costs (#57) with supporting documentation seeking costs for service of subpoenas, for deposition transcripts, for exemplification and copies, and for fees of witnesses.  On January 16, 2007, Plaintiff Janet Ridings filed her Objections to Defendant's Bill of Costs (#63).  On January 22, 2007, Defendant filed a Supplement to its Bill of Costs (#65) and Plaintiff filed a Response (#67) on February 5, 2007.  For the reasons that follow, Defendants are awarded $7,865.24 in costs.

Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d).  The Seventh Circuit has interpreted this language as creating a strong presumption that the prevailing party will recover costs.  See Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003).  Under 28 U.S.C. § 1920, a prevailing party may recover costs for deposition transcripts, copying costs, fees for service of subpoenas, and fees for witnesses.  Corder v. Lucent Techs., Inc., 162 F.3d 924, 928-29 (7th Cir.

1998); <u>Cengr v. Fusibond Piping Sys., Inc.</u>, 135 F.3d 445, 454 (7th Cir. 1998).   However, to award

these costs under Rule 54(d), the district court must determine that the costs are reasonable and were

necessary to the litigation.   <u>Cengr</u>, 135 F.3d at 454; <u>Robinson v. City of Harvey</u>, 2004 WL 2033714,

at *8 (N.D. Ill. 2004).   A court should only award costs where the request is supported by invoices

or other documentation.   <u>See</u> <u>Robinson</u>, 2004 WL 2033714, at *9.

Defendant first seeks costs for fees for service of subpoenas in the amount of $490.  Plaintiff

objects to this amount first because the documentation attached to Defendant's Bill of Costs

indicates extra charges were incurred for "rush serve" of subpoenas to Dr. Moss, Dr. Morgan

O'Connor, Dr. Prinz, Dr. Hermes, and the Illinois Institute of Technology.   "[T]he Seventh Circuit

has held that private process servers are taxable as costs under 28 U.S.C. § 1920(1) provided that

their rates do no exceed what it would cost to have the U.S. Marshals effectuate service of process."

<u>Ernst v. Anderson</u>, 2006 WL 163024 at *1 (N. D. Ill. 2006).   This charge pursuant to the Code of

Federal Regulations is "$45 per hour (or portion thereof) for each item served . . . plus travel costs

and any other out-of-pocket expenses."  28 C.F.R. § 0.114(a)(3).  The documentation indicates that

Defendant incurred an additional cost of $25 each for service to Dr. Morgan O'Connor, Dr. Prinz,

and Dr. Hermes for rush service.   This court finds that Defendant has failed to establish the

additional cost of rush service was necessary in this litigation.   Therefore, the costs for service to

these individuals will be reduced to $60.  This court further agrees with Plaintiff that service on

Illinois Institute of Technology was unnecessary to this litigation as the subpoena was to attain

documents unrelated to the issues on which this case was decided.  Therefore, the court will not

award this cost.  However, this court will award the costs for service of Dr. Hermes over Plaintiff's

objection because Dr. Hermes was identified as one of Plaintiff's treating physicians in written

discovery responses.  Furthermore, this court will award the entire $110 for service on Dr. Moss because the documentation attached to the Bill of Costs indicates that service to Bourbonnais and Bradley, Illinois is a flat rate charge of $110, and this amount is not out of line with the rate set forth by the Code of Federal Regulations.  Accordingly, Defendant is awarded $330 in costs relative to service of subpoenas.

Defendant next seeks costs in the amount of $5,462.63 for deposition transcripts and services.  Plaintiff objects to Defendant receiving costs for the depositions of Dr. Prinz, Dr. Moss, and Dr. Morgan O'Connor because the transcripts of their depositions were not cited in the motions for summary judgment.  However, simply because the depositions were not cited does not make the costs unrecoverable.  Plaintiff designated these doctors as experts regarding her medical condition and it is reasonable to expect Defendant to take depositions of these experts.  Therefore, this court determines these depositions were reasonable and necessary to the litigation.  Plaintiff further objects to Defendant receiving the costs for "accelerated delivery" of the Prinz deposition and "daily copy" of the Moss deposition.  Defendant indicates this was necessary "to properly prepare for the deposition of Plaintiff's next expert witness."  The court finds this explanation inadequate for a finding that this cost is reasonable or necessary.  See R.J. Reynolds Tobacco Co., v. Premium Tobacco Stores, Inc., 2005 WL 293512 at *3 (N.D. Ill. 2005).  Accordingly, the court will reduce the amount recoverable for the Prinz deposition by $31.80 and for the Moss deposition by $137.70. Therefore, Defendant is awarded costs for deposition transcripts and services in the amount of $5,293.13.

Defendant further seeks $2,190.80 for photocopying and exemplification of documents. Included in the amount Defendant seeks are costs to electronically process e-mail accounts into a

searchable format.  These costs have been found to be recoverable pursuant to § 1920(4).  See BDT Prods. Inc., v. Lexmark Int'l,  Inc., 405 F.3d 415, 420 (6th Cir. 2005).  Defendant indicates this was necessary to the litigation to enable Defendant to search the accounts requested by Plaintiff using the search terms agreed upon by the parties.  Plaintiff's objection to these costs is not that they are were unnecessary to the litigation.  Rather, Plaintiff's only objection to these costs is that there is no evidence that the work could not have been done by Defendant Riverside's own Information Technology Department.  Plaintiff cites no caselaw indicating costs cannot be recovered if it is possible for the Defendant to perform work for which costs were incurred.  Furthermore, there is nothing before this court to indicate Defendant could have performed the document conversion.  Accordingly, Defendant is awarded $1,887.50 for costs associated with the conversion of e-mail accounts into a searchable format.

Defendant further seeks $308.30 in photocopying costs.  Plaintiff objects only to the portion of these costs which relate to copies of documents filed with the court.  This court agrees with Plaintiff that there is no need to copy these documents as filing in this matter was done by means of electronic filing rather than through paper copies.  However, the court will allow Defendant to recover for the copying costs associated with filing a courtesy copy of its Motion for Summary Judgment with the court.  Accordingly, Defendant is awarded $232 for copying costs.

Finally, Defendant seeks costs associated with various witnesses in the amount of $9,222.61.  Plaintiff objects to all of these fees with the exception of witness and mileage fees paid to Dr. Moss, Dr. Morgan O'Connor, and Dr. Prinz.  The remainder of the witness fees Defendant seeks are expert witness fees for Dr. Moss, Dr. Prinz, Dr. Oosterban, and Dr. Domont.  Plaintiff is correct that expert witness fees are not recoverable as costs pursuant to § 1920.  Branham v. Snow, 2006 WL 1750443

-4-

at *14 (S. D. Ind. 2006).  Accordingly, Defendant will be awarded only $122.61 in witness fees.

IT IS THEREFORE ORDERED:

     Defendant is awarded $7,865.24 in costs.

          ENTERED this 26th day of March, 2007

               **s/ Michael P. McCuskey**
              MICHAEL P. McCUSKEY
           CHIEF U.S. DISTRICT JUDGE